## FORDHAM SCHOOL TOWNSHIP v. DARLINGTON SCHOOL TOWN-SHIP.

1. A complaint which states that plaintiff is, and for a number of years has been, a duly-organized school township, and that, as such township, it incurred indebtedness, which is unpaid; that, after the incurring of such indebtedness, an attempt was made to set off a part of its territory, and erect therefrom a new school township, which attempt was never accomplished, but left the territory so attempted to be set off an undivided part of the plaintiff township,—does not and cannot state a cause of action against the territory so attempted to be segregated, to compel it to pay or provide for the payment of its proportion of such indebtedness of the plaintiff township.

2. Upon the facts stated in the complaint, the territory so unsuccessfully attempted to be set apart has no independent legal existence, could as assume no individual liability, nor be subject to have separate judgment rendered against it.

(Syllabus by the Court. Opinion filed·Jan. 19, 1895.)

Appeal from circuit court, Clark county. Hon. A. W. CAMPBELL, Judge.

Action by Fordham school township of. Clark county against Darlington school township of Clark county. From an order sustaining a demurrer to the complaint, defendant appeals. Affirmed.

The facts are stated in the opinion.

*S. A. Keenan,* for appellant.

*C. G. Sherwood,* for respondent.

When a part of a public or municipal corporation is cut off or separated the remaining corporation is alone entitled to the property of such corporation and solely answerable for all liabilities incurred prior to such separation. Inhabitants v. Rohland, 4 Mass. 384; Richards v; Daggett, 4 Mass. 539; Ninot v. Carters, 7 Mass. 441; Brunswick v. Dunning, 7 Mass. 445; Frankfort v. Winthrop, 54 .Me. 220; Goovham v. Beloit; 21 Wis. 636; Hartford v. E. Hartford, 16 Conn. 149; People v. School Trustees 86 Ill. 613; Commissioners v. Commissioners, 92 U. S. 307.

KELLAM, J.   This is an appeal from an order of the circuit court for Clark county sustaining a demurrer to the complaint. In its complaint Fordham school township alleges its corporate existence, and that until April 6, 1885, it included all of township 115, range 59, and the W. ½ of township 115, range 58, and that as such school township, so constituted, it became legally indebted and issued bonds and warrants therefor, to the amount of $4,800; that at said time "an attempt was made" to detach the said W. ½ of township 115, range 58, and that since such time the said portion of territory so attempted to be detached, and claiming to be an organized township, and known as "Darlington School Township," has refused to pay or make provision for any portion of said indebtedness, or the interest thereon, although it had received one-third of the benefits thereof.   The complaint then alleged that the attempted division of Fordham school township was unauthorized and void, no petition therefor having been presented to the board of county commissioners upon which said board was authorized to act, and that the territory so attempted to be severed, and designated as "Darlington School Township," is and remains a part of said Fordham school township.   The relief asked was a judgment against the defendant, the Darlington school township, for a specified sum, "being their prorated amount of bonds and warrants outstanding, and interest paid by the plaintiff on said warrants and bonds; and that they be charged with their pro rata share of said indebtedness, to-wit, $3,000 bonds and $1,800 warrants; and that the officers constituting the board of said Darlington school township make provision according to law for the payment of their pro rata share of said indebtedness as fast as the same shall fall due; and for such other and further equitable relief as to the court may seem just; and that the court hold that the portion of Darlington school township which it is claimed was set out of Fordham school township be declared to be a part and parcel of said Fordham school township, and that the said attempted division be declared void."

The defendant demurred, on the grounds (1) that the court has no jurisdiction of the defendant; (2) that several causes of action have been improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff appeals from an order sustaining this demurrer.

This contention must, of course, be disposed of on the theory that the facts stated in the complaint are true; the question being, do they, if true, constitute a cause of action against the defendant? If it is true that Fordham school township was never lawfully divided, and that that portion of it which it has sued as Darlington school township has never been severed therefrom, but is still an undivided part of it, it needs no argument to demonstrate that the complaint does not and could not state facts which would constitute a cause of action against it; for it does not and could not state facts which would create a liability against it, or render it subject. to have judgment entered against it. As an undivided part of Fordham school township, it would have no power to incur liability of any kind to anybody, or to respond to such liability, either voluntarily or upon the judgment of the court.

It may be suggested that whether the "attempted division" of Fordham school township was ever accomplished or not is a question of law, and that the allegation that the territory claiming to be Darlington school township remains and is a constituent part of Fordham school township is a conclusion of law, rather than a statement of fact, and so is not admitted by the demurrer, but this does not affect the real question presented. To state a cause of action against the territory named as defendant, it must in some manner be made to appear that such territory would be liable to have some judgment or decree entered against it if the facts alleged in the complaint were proved. The complaint in this case not only fails to show such fact or condition, thus failing to exhibit a material element essential to constitute a cause of action against the defendant, for which it is demurrable, but goes further, and (whether by good plead-

or not is not material) undertakes to negative the very condition essential to the creation or maintenance of a cause of action against the defendant. We think the court was right in sustaining the demurrer to the complaint, and the order appealed from is affirmed. All the judges concur.